**INTERSTATE COMMERCE COMMISSION, Plaintiff,**

v.

**LONG TRANSPORTATION CO., INC., a corporation, and Warren E. Long, an Individual, Defendants.**

**No. 77 C 4086.**

United States District Court, N. D. Illinois, E. D.

June 1, 1978.

---

L. Stewart McCloud, Chicago, Ill., for plaintiff.

William H. Towle, Burke, Kerwin, Towle & Andrin, Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, District Judge.

This is an action brought by the Interstate Commerce Commission under 49 U.S.C. § 322(b)(1) seeking to enjoin defendants from retaining for their own use duplicate payments of freight charges made by users of their transportation services. It is alleged that such retention is a violation of 49 U.S.C. §§ 316(b), (d), and 317(b). Defendants moved under Rule 12(b), Fed.R. Civ.P., to dismiss for lack of jurisdiction; or, in the alternative, they ask for a stay pending conclusion of a rulemaking proceeding instituted by the Commission in *Ex Parte 342, Motor Disposition and Freight Forwarders-Procedures Governing the Processing, Investigation, and Disposition of Overcharge, Duplicate Payment, or Over-Collection Claims*, 42 Fed.Reg. 54579–81 (Oct. 7, 1977). For the following reasons, the motion is denied.

Defendants' motion, while denominated one based on lack of jurisdiction, is actually grounded on the argument that the Commission has failed to state a claim for violation of 49 U.S.C. §§ 316(b)(d), and 317(b). The Commission meets this argument with one of its own: that for a motor carrier to collect two payments for only one service is a violation of 49 U.S.C. § 317(b) because the collection results in the receipt of a greater or different compensation for transportation, or service in connection therewith, than the rates, fares, and charges specified in the applicable tariffs. The Commission argues that the unjust enrichment inherent in the duplicate payment situation constitutes an "unjust and unreasonable practice" in violation of 49 U.S.C. § 316(b), and "unjust discrimination and unreasonable prejudices or disadvantages" in violation of 49 U.S.C. § 316(d). Defendants do not dispute the plausibility of these statutory constructions. Rather, they base their argument on prior interpretative report by the Commission.

In *Duplicate Payments of Freight Charges*, 350 I.C.C. 513 (1975), the Commission held that a duplicate payment—two or more payments for the exact amount of relevant tariff-published charges—does not constitute an "overcharge" within the meaning of 49 U.S.C. § 16(3) and related provisions. Hence, such a duplicate payment is not within the Commission's jurisdiction. In so holding, the Commission overruled earlier broader interpretations of the term "overcharge" as including any payment resulting in the carrier's receiving more than the proper charges. 350 I.C.C. at 518. This narrower construction of the term precludes this suit, defendants urge, since the provisions involved can only be interpreted as reaching duplicate payments by adopting the construction of "overcharge" rejected by the Commission in its earlier report.

While there is similarity between the statutory construction urged here by defendants and the earlier interpretative report, to dismiss this suit on that ground would require the bizarre conclusion that

the Commission, through its Regional Counsel, is purposely violating its own standards. The Commission is presumed to act with unity of intention when it institutes litigation. If the construction urged by the Regional Counsel here is at odds with the Commission's interpretation of the Act, the Commission, and not this court, may act to require adherence to its earlier interpretation. In fact, the institution of this litigation is more plausibly to be construed as a reversion to prior agency interpretation of the term "overcharge" as an exercise of the agency's power to reexamine precedents" in light of reconsideration of relevant facts and its mandate." *American Trucking Ass'ns v. Atchison, Topeka & S. F. Ry.*, 387 U.S. 397, 416, 87 S.Ct. 1608, 1618, 18 L.Ed.2d 847 (1967). Moreover, were the court to adopt defendants' view of the significance of the earlier report, the anomalous result would be to foreclose Commission action against the duplicate payments problem altogether, either in the courts or through agency review, so that relief for claims regarding duplicate payments would be limited to judicial actions brought by individual consumers of transportation services. As the Commission noted, its interpretation precluded Commission review of duplicate payments cases and placed them solely within the jurisdiction of the civil courts. 350 I.C.C. at 520. This court does not believe that foreclosure of Commission review was meant to prevent all Commission response to the issue. Indeed, the report's explicit purpose is to expand consumer right of action by finding inapplicable the Act's statute of limitations on overcharge claims. Finally, even if this court's understanding of the *prior* interpretation is incorrect, the order has no binding effect in a suit, such as this, brought against a motor carrier subject to Part II of the Interstate Commerce Act. *See Duplicate Payments of Freight Charges*, 350 I.C.C. at 515. Hence, this court is free to adopt the Commission's present interpretation of the statutory provisions without regard to the earlier report.

Defendants' alternative argument seeking a stay of these proceedings pending outcome of the rulemaking proceeding must likewise be rejected. They argue that the doctrine of primary jurisdiction precludes judicial consideration of the legality of the practice of retaining duplicate payments, since the agency must be given an opportunity to formulate a uniform and consistent approach to the underlying legal issues. The court need give this argument but short shrift. The doctrine of primary jurisdiction has no application where, as here, the agency is itself a party before the court, the statutory scheme involved is clear, and any difficulties presented are amenable to traditional judicial processes. *Interstate Commerce Comm'n v. All-American, Inc.*, 505 F.2d 1360 (7th Cir. 1974). Further, the exercise of its rulemaking powers in no way affects the Commission's authority to enforce the provisions of the Act nor limits the enforcement mechanisms it may use, including the institution of an action for injunctive relief in the district court pursuant to 49 U.S.C. § 322(b)(1). 505 F.2d at 1364. Thus, there is no reason to stay these proceedings pending conclusion of the Commission's rulemaking proceeding in *Ex Parte 342*. Therefore, defendants' motion to dismiss for lack of jurisdiction or, in the alternative, for a stay pending conclusion of the Commission's rulemaking proceeding, is denied.

So ordered.